UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

       Plaintiff,

v.

Sami Syed,

       Defendant.

Criminal No. 21-cr-20504

Hon. Judith E. Levy

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Catherine Morris, Assistant United States Attorney, together with Defendant Sami Syed, individually and by and through his attorney, Sidney Kraizman, submit this Stipulated Preliminary Order of Forfeiture to the Court and stipulate and agree to the following:

1. The United States of America filed a Superseding Information on December 14, 2021, which charged the defendant with Count One, Conspiracy to Pay and Receive Health Care Kickbacks in violation of 18 U.S.C. § 371. (ECF No. 4). The Superseding Information contains forfeiture allegations under 18 U.S.C. § 982(a)(7).

2. On or about December 12, 2021, the defendant entered into a Rule 11 Plea Agreement and pleaded guilty to Count One of the Superseding Information.

3. In his Rule 11, the defendant agreed to forfeit any interest he may have in all property, real or personal, which constitutes or is derived, directly or indirectly, from proceeds traceable to his violation of Count One. Property subject to forfeiture includes but is not limited to the defendant's interest in the following assets:

    a. $29,001.93 in funds from bank account XXXXXXXX0189 held in the name of National Home Care Services, Inc. at Bank of America, Detroit, MI.

("Subject Property")

4. In his Rule 11, the defendant agreed to the entry of one or more orders of forfeiture, including the Court's prompt entry of a Preliminary Order of Forfeiture, following his guilty plea. Defendant agreed to sign such and order or otherwise consent to the entry of such an order through his counsel when such consent is requested by the Government.

5. The defendant's counsel, Sidney Kraizman, affirms that he has discussed this Stipulated Order with the defendant and that the defendant consents to the entry of the Stipulated Preliminary Order of Forfeiture.

6. In his Rule 11, the defendant acknowledged his understanding that forfeiture is part of the sentence that may be imposed on him in this case and waived his right to challenge any failure by the court to advise him of this pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J).

Based on the Superseding Information, the defendant's Rule 11 Plea Agreement, this Stipulation, and other information in the record, and under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c):

**THIS COURT ORDERS** that under 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(7), and 28 U.S.C. § 2461(c), the Subject Property **IS FORFEITED** to the United States for disposition according to law, and any right, title or interest of the defendant, and any right, title or interest that his heirs, successors or assigns have, or may have, in any of the Subject Property is **FOREVER EXTINGUISHED**.

**THIS COURT FURTHER ORDERS** that upon entry of this Stipulated Preliminary Order of Forfeiture and under 21 U.S.C. § 853(n), Rule 32.2 of the Federal Rules of Criminal Procedure, and other applicable rules, the United States shall publish notice of this Stipulated Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in any of the Subject Property.  The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in any of the Subject Property must file a petition with the Court within thirty (30) days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third party asserting an interest in any of the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's

alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

**THIS COURT FURTHER ORDERS** that after the disposition of any motion filed under Federal Rule of Criminal Procedure 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

**THIS COURT FURTHER ORDERS** that if no third-party files a timely petition for the Subject Property before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Stipulated Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2). If a third party files a timely petition for ancillary hearing for any of the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of

Forfeiture as necessary to account for any third-party rights as provided under Federal Rule of Criminal Procedure 32.2(c)(2).

**THIS COURT FURTHER ORDERS** that under 21 U.S.C. § 853(n)(7), the United States shall have clear title to the Subject Property and shall be authorized to dispose of the Subject Property as prescribed by law following the Court's disposition of any third-party petitions, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions.

**THIS COURT FURTHER ORDERS** that it retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Agreed as to form and substance:

Dawn N. Ison
United States Attorney

| S/ Catherine E. Morris | S/ Sidney Kraizman (with Consent) |
|---|---|
| Catherine E. Morris (P84371) | Sidney Kraizman |
| Assistant United States Attorney | Counsel for Defendant |
| 211 W. Fort Street, Suite 2001 | 645 Griswold, Ste 2200 |
| Detroit, MI 48226 | Detroit, MI 48226 |
| (313) 226-9562 | Phone: (313) 961-7078 |
| Catherine.Morris@usdoj.gov | sidkraizman@sbcglobal.net |
| | [P-16199] |
| Dated: October 31, 2022 | Dated: October 31, 2022 |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

# IT IS SO ORDERED.

Date: November 4, 2022            <u>s/Judith E. Levy</u>
                                  Honorable Judith E. Levy
                                  United States District Judge