# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

United States of America,

      Plaintiff,    Case No. 21-20504

v.            Judith E. Levy
            United States District Judge
Sami Syed,

            Mag. Judge Elizabeth A.
      Defendant.   Stafford

_____/

## OPINION AND ORDER DENYING DEFENDANT'S REQUEST TO TERMINATE SUPERVISED RELEASE [36]

Before the Court is Defendant Sami Syed's request to terminate supervised release. (ECF No. 36.) For the reasons set forth below, Defendant's request is denied.

In April 2022, Defendant pled guilty to Count One of the Information, which charged him with conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. (*See* ECF No. 19.) On March 22, 2023, the Court sentenced Defendant to time served and three years of supervised release. (ECF No. 35.)

On April 25, 2025, Defendant sent a letter requesting early termination of his supervised release. (ECF No. 36, PageID.158.) At the time he filed this request, Defendant had completed over two years and one month of his supervised release.

## I. Legal Standard

Under 18 U.S.C. § 3583(e)(1), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." In evaluating whether to terminate a defendant's term of supervised release, the Court considers "the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." 18 U.S.C. § 3583(e). These factors are

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> . . . ;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

2

> . . . ;
>
> (4) the kinds of sentence and the sentencing range established for—
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; or
>>
>> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;
>
> (5) any pertinent policy statement—
>
>> (A) issued by the Sentencing Commission . . . ;
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

"The plain language of the statute illustrates that § 3583(e), in the typical case, allows a conduct-based inquiry into the continued necessity for supervision after the individual has served one full year on supervised release." *United States v. Suber*, 75 F. App'x 442, 443–44 (6th Cir. 2003). However, "[t]he phrase 'the interest of justice' gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period." *Id.* at 444 (citing *United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999)). Therefore, "a district court must conclude that the early

3

termination of supervised release is warranted both by the individual's conduct and also by the interest of justice." *Id.* The court's decision "must demonstrate consideration of the relevant factors even if the court does not describe its analysis of each factor." *United States v. Zai*, No. 22-3371, 2022 WL 17832201, at *5 (6th Cir. Dec. 21, 2022) (citations omitted).

## II. Analysis

In support of early termination of supervised release, Defendant states that he recently started an IT consulting business that "does involve a lot of travel sometimes across states and possibly outside the country soon." (ECF No. 36, PageID.158.) He also states that the travel restrictions placed upon him during supervised release "make it tough to fully commit to some opportunities" and early termination of supervised release would be helpful to his business and to his professional life. (*Id.* at PageID.158–159.)

The judgment imposed by the Court requires Defendant to comply with certain standard conditions of supervision. (ECF No. 35, PageID.154.) One of the conditions states: "You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer." (*Id.*)

4

Thus, a standard condition of supervision requires that Defendant obtain prior approval from the Court or his probation officer to travel while on supervised release. It does not prohibit Defendant from traveling.

The government opposes Defendant's request. (ECF No. 39.) Specifically, it asserts that Defendant in January and November 2024 opened credit card accounts in violation of his conditions of supervised release. (ECF No. 39, PageID.162–163; *see also* ECF No. 35, PageID.155 ("You must not incur new credit charges or open additional lines of credit without the approval of the probation officer.").) The Probation Department has communicated to the undersigned that Defendant had opened new lines of credit in violation of his conditions of supervised release, but the Probation Department overall does not take a position on this request to terminate supervised release.

The Court appreciates Defendant's letter and congratulates him on his personal and professional successes. However, the Court nevertheless concludes that the relevant § 3553(a) factors and the interest of justice weigh against early termination of Defendant's term of supervised release. The nature and circumstances of Defendant's underlying offense warrants the period of supervised release imposed by the Court,

particularly considering that Defendant was not given a custodial sentence. Any further reduction in Defendant's supervised release may create unwarranted sentencing disparities with similarly situated defendants. And finally, Defendant's involvement with opening new credit cards without the approval of the probation officer, shows that continued supervision is warranted.

The Court encourages Defendant to communicate his travel needs with the Probation Department and wishes him future success with his new business.

### III. Conclusion

For the reasons set forth above, the Court DENIES Defendant's request to terminate supervised release. (ECF No. 36.)

IT IS SO ORDERED.

Dated: September 12, 2025        s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 12, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
