UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

                    Plaintiff,        Case No. 21-20504

v.                                   Judith E. Levy
                                   United States District Judge

Sami Syed,

                                   Mag. Judge Elizabeth A.
                  Defendant.    Stafford

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
REQUEST FOR RECONSIDERATION [41]**

Before the Court is Defendant Sami Syed's request for reconsideration. (ECF No. 41.) Specifically, Defendant asks that the Court re-examine his request to terminate his supervised release.

In April 2022, Defendant pled guilty to Count One of the Information, which charged him with conspiracy to defraud the United States and to pay and receive health care kickbacks in violation of 18 U.S.C. § 371. (*See* ECF No. 19.) On March 22, 2023, the Court sentenced Defendant to time served and three years of supervised release. (ECF No. 35.) On April 25, 2025, Defendant sent a letter requesting early

termination of his supervised release. (ECF No. 36, PageID.158.) At the time he filed this request, Defendant had completed over two years and one month of his supervised release. The Court denied this request on September 12, 2025, because "the relevant [18 U.S.C.] § 3553(a) factors and the interest of justice weigh against early termination of Defendant's term of supervised release." (ECF No. 40, PageID.169.) The Court stated,

> The nature and circumstances of Defendant's underlying offense warrants the period of supervised release imposed by the Court, particularly considering that Defendant was not given a custodial sentence. Any further reduction in Defendant's supervised release may create unwarranted sentencing disparities with similarly situated defendants. And finally, Defendant's involvement with opening new credit cards without the approval of the probation officer, shows that continued supervision is warranted.

(*Id.* at PageID.169–170.)

In Defendant's latest request, he explains that his opening two credit card accounts without telling his probation officer were mistakes that "came from poor judgment, not from disregard." (ECF No. 41, PageID.172.)

The Court appreciates Defendant's letter. However, it will maintain its previous decision denying his request to terminate his supervised release. Even if the Court were to disregard his opening two credit card

accounts, the Court's other concerns regarding termination of his supervised release are still applicable. (ECF No. 40, PageID.169–170 ("The nature and circumstances of Defendant's underlying offense warrants the period of supervised release imposed by the Court, particularly considering that Defendant was not given a custodial sentence. Any further reduction in Defendant's supervised release may create unwarranted sentencing disparities with similarly situated defendants.").) Additionally, Defendant's involvement with opening new credit cards without the approval of the probation officer, whether due to poor judgment or disregard, still demonstrates that continued supervision is warranted.

For the reasons set forth above, the Court DENIES Defendant's request. (ECF No. 41.)

IT IS SO ORDERED.

Dated: September 22, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

3

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 22, 2025.

<u>s/William Barkholz</u>
WILLIAM BARKHOLZ
Case Manager